{¶ 17} I must dissent, for I believe the majority and the trial court have missed very obvious claims that are before us for review.
 {¶ 18} In simple terms, appellee-ex-husband signed an $18,000 promissory note to bail his ex-wife out of financial distress. The loan was secured by a mortgage on the ex-wife's home, thereby clearly indicating the ex-husband did not even own the roof under which he lived. The following day, he used the proceeds of the loan on his ex-wife's house to purchase a much-needed jet ski with an approximate value of $6,200. After the break-up of the relationship, he left with the jet ski, and somehow suggests that his payment of $3,100 to his ex-wife represents "buying out" her half of the toy? I don't get it. He bought the toy for $6,200, with her money . . . and then gave her half of her money back . . . and kept the toy!
 {¶ 19} In addition, the majority misinterprets Civ.R. 15 when it suggests there has been a waiver in this matter. In her objections to the magistrate's findings, appellant-ex-wife clearly raised the question of contribution and R.C. 1303.14, and, thus, the matter was clearly before the trial court for review. As the rule states, when issues not raised in pleadings are tried "by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." There is no requirement in such a scenario that the pleadings be amended where the issue was tried by "implied consent of the parties."
 {¶ 20} Finally, the joint liability statute is clear on its face.
 {¶ 21} "R.C. 1303.14 Joint and several liability; contribution.
 {¶ 22} "(A) Except as otherwise provided in the instrument, two or more persons who have the same liability on an instrument as makers, drawers, acceptors, indorsers who indorse as joint payees, or anomalous indorsers are jointly and severally liable in the capacity in which they sign.
 {¶ 23} "(B) Except as provided in division (E) of section1303.59 of the Revised Code or by agreement of the affected parties, a party having joint and several liability who pays the instrument is entitled to receive from any party having the same joint and several liability contribution in accordance with applicable law.
 {¶ 24} "(C) The discharge of one party having joint and several liability by a person entitled to enforce the instrument does not affect the right under division (B) of this section of a party having the same joint and several liability to receive contribution from the party discharged."
 {¶ 25} The statute is clear on its face and its application to the acknowledged facts of this case is equally clear. The parties went to the bank and BOTH SIGNED A NOTE establishing an $18,000 debt. The appellee-ex-husband was a contributing party to both acquiring the debt and spreading its dollars into the wind. As such, he is liable to his former wife for contribution, for that is what joint and several liability is all about.
 {¶ 26} It is a manifest miscarriage of justice to permit one maker of a debt to ignore his contribution to the payment of the debt when called upon to do so by a joint co-maker. The trial court misinterpreted the law. The appellee-ex-husband owed contribution toward the $18,000 debt that was paid by the appellant-ex-wife.